# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RUSSELL WALKER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0984**  (BOR Appeal No. 2050392)
                    (Claim No. 2012026519)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Russell Walker, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by its attorney, Edward M. George III, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 29, 2015, in which the Board affirmed the April 6, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 18, 2014, decision that Mr. Walker had been fully compensated for his February 8, 2012, injury by the 9% permanent partial disability award granted on July 11, 2013. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Walker injured his right shoulder on February 8, 2012, when he was changing a roller on a beltline. The claim was held compensable for a right shoulder and upper arm strain, right supraspinatus sprain, and partial right rotator cuff tear. On May 9, 2012, Christopher C. Schmidt, M.D., performed arthroscopic surgery on the right shoulder. He performed a second arthroscopic surgery on the right shoulder on November 30, 2012.

Bill Hennessey, M.D., evaluated Mr. Walker on April 13, 2013. Mr. Walker reported constant right shoulder pain and advised Dr. Hennessey he was willing to have a third

1

arthroscopic surgery. Dr. Hennessey assessed Mr. Walker's range of motion and strength. He then assessed 9% whole person impairment based on Mr. Walker's active range of motion. Mr. Walker was granted a 9% permanent partial disability award on July 11, 2013.

On September 11, 2013, Mr. Walker underwent a third arthroscopic surgery by Dr. Schmidt. On February 10, 2014, Sunil Sethi, M.D., performed an independent medical evaluation. Mr. Walker advised Dr. Sethi that he was doing well following the third surgery. Dr. Sethi assessed 3% whole person impairment based on Mr. Walker's active range of motion. On February 18, 2014, the claims administrator determined Mr. Walker had been fully compensated for the effects of the February 8, 2012, injury by the July 11, 2013, award of 9% permanent partial disability. Mr. Walker protested the claims administrator's decision.

Joseph Snead, M.D., performed an independent medical evaluation on June 29, 2014. Dr. Snead assessed 8% impairment based on Mr. Walker's range of motion. He also assessed 7% impairment for joint crepitation. Dr. Snead combined the two ratings for a total of 14% whole person impairment. He noted the rating was for range of motion limitation, crepitation, and pain.

The Office of Judges reviewed the evaluations and medical opinions of Dr. Hennessey, Dr. Sethi, and Dr. Snead. It did not rely on the report of Dr. Sethi because the other two evaluators determined Mr. Walker's loss of motion to be almost three times greater than that found by Dr. Sethi. It did not rely on the report of Dr. Snead because he combined the ratings for loss of motion and crepitation. The Office of Judges noted that according to the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), a rating for crepitus should not be given when limited motion is present. Therefore, the Office of Judges relied on the report of Dr. Hennessey. As Dr. Hennessey assessed 9% permanent partial impairment, the Office of Judges determined Mr. Walker had not demonstrated he was entitled to an increase in his permanent partial disability award.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Walker was awarded 9% permanent partial disability prior to his last surgery. Dr. Hennessey and Dr. Snead found very similar impairments for the shoulder based on the range of motion. Dr. Snead's assessment of impairment for crepitation was not proper according to the American Medical Association's *Guides*. Therefore, the portion of the impairment rating he assessed for crepitation should not have been used in determining Mr. Walker's whole person impairment. As such, Mr. Walker was not entitled to any additional impairment for the effects of the February 8, 2012, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II